IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Carlos Villarreal** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **St. Lukes Episcopal Hospital** | § | |
| | § | |
| | § | |
| **Defendant** | § | **JURY TRIAL DEMANDED** |
| | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

**COMES NOW** Carlos Villarreal ("Plaintiff"), to file this lawsuit against the Defendant, St. Lukes Episcopal Hospital ("Defendant" or "St. Lukes Hospital") for himself and all others similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

1. Plaintiff Carlos Villarreal currently resides in Houston, Texas.

2. Defendant St. Luke's Episcopal Hospital is medical treatment facility operating in Houston, Texas, and may be served by delivering a copy of the complaint and citation to its registered agent Ann P. Thielke at 3100 Main Street, Suit 672, Houston, Texas 77002, or at any other place where she may be found.

3. At all times material to this action, Plaintiff Carlos Villarreal was employed by the Defendant.

4. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collective action provision of the Act found at Section 216(b).

5. This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to Plaintiff and all employees and former employees of

1

Defendant who are similarly situated, pursuant to the FLSA.

6. Prior to December 2008, Defendant had a uniform policy and practice of consistently requiring its computer technical support employees to work more than forty hours per week for a salaried amount without overtime compensation.

7. Mr. Villarreal was employed with the Defendant as a "Desktop Support Analyst" in Defendant's department of "IM-Technology Service Center". The information technology support specialists who work for Defendant's IM-Technology Service Center provide technical support for the user's of Defendant's computers in Defendant's other medical departments. The IT support specialists that support Desktop computers often have the title "Desktop Support Analyst."

8. Mr. Villarreal was not a computer programmer and did not create new technology or make improved versions of technology while working for Defendant. Therefore, plaintiff is not subject to the computer professional exemption of 29 U.S.C. 213(a)(17).

9. Mr. Villarreal and all similarly situated employees were paid a specified annual salary until December 2008.

10. Mr. Villarreal and other similarly situated employees, were not paid any overtime compensation prior to December 2008, despite the fact that the members of the IM-Technology Services Center worked more than 40 hours per week.

11. Mr. Villarreal and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1331. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b).

13. Defendant is subject to personal jurisdiction in the State of Texas for the purpose of this lawsuit.

14. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(l) of the FLSA.

15. At all times relevant to this action, Defendant was an "employer" of the named Plaintiff as defined by §203(d) of the FLSA.

16. At all times material to this action, the Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

17. The provisions set forth in 29 U.S.C. §§206 and 207, respectively, of the FLSA apply to Defendant and all members of the Plaintiff Class herein were covered by §§ 206 and 207 of the FLSA while they were employed by Defendant.

18. At all times relevant to this action, Defendant employed Plaintiff and similarly situated employees in the capacity of information technology ("IT") support specialists.

19. As a Desktop Support Analyst working for Defendant, the majority of Plaintiff's duties involved solving problems in the use of computers or computer-related equipment, when these problems were reported by Defendant's other medical departments. Mr. Villarreal and the other Desktop Support Analysts of the IM-

Technology Service Center were required to respond to "tickets" -- which are messages summarizing a problem with the performance of a computer, or related equipment, reported by one of the Defendant's other medical or administrative departments. Mr. Villarreal and his fellow Desktop Support Analysts in the IM-Technology Service Center restored, or assisted the user in restoring the computer's proper performance, before, during, and after regular business hours.

20. The "customers" of Defendant's IM-Technology Services Center are the employees of Defendant's other medical or administrative departments.

21. The duties of Mr. Villarreal and the other Desktop Support Analysts of Defendant's IM-Technology Services Center did not involve determining hardware, software or system functional specifications, or working on the design, development, documentation, analysis, creation, testing or modification of computer systems or programs. The duties in the preceding sentence were given to project managers and development teams with vendor assistance.

22. The duties of Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center are not directly related to the management or general business operations of Defendant or Defendant's customers.

23. Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center did not exercise discretion or independent judgment with respect to matters of significance during their employment by Defendant.

24. While working for Defendant, Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center did not have the authority to formulate, affect, interpret, or implement management policies or operating

4

practices.

25. While working for Defendant, Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center did not carry out major assignments in conducting the operations of the business.

26. While working for Defendant, Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center did not perform work that affected business operations to a substantial degree.

27. While working for Defendant, Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center did not have authority to commit Defendant in matters that had significant financial impact.

28. While working for Defendant, Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center did not have the authority to negotiate and bind the company on significant matters.

29. While working for Defendant, the primary duty of Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center did not including providing consultation or expert advice to management.

30. While working for Defendant, Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center were not involved in planning long or short-term business objectives.

31. While working for Defendant, Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center did not investigate and resolve matters of significance on behalf of management.

32. The positions of Mr. Villarreal and the other employees of Defendant's IM-

Technology Services Center with Defendant are not exempt from overtime under the FLSA.

33. Defendant has intentionally failed and/or refused to pay the Plaintiff and other similarly-situated employees according to the provisions of the FLSA.

34. Defendant had a policy of docking the pay of its information technology support specialists in the IM-Technology Service Center, if they ever left early or worked less than eight hours in a day.

35. In December 2008, Defendant reclassified the Desktop Support Analysts as hourly employees. However, Defendant continued to have a practice of deducting thirty minutes per day from the paychecks of the Desktop Support Analysts, as a means of withholding compensation for lunch breaks. The Desktop Support Analysts periodically worked during lunch to restore the proper function of computers and computer-related equipment, so that the unpaid "lunch breaks" were in fact unpaid work hours.

36. The systems, practices and duties of Mr. Villarreal and the other employees of Defendant's IM-Technology Services Center have existed for at least three years throughout the Defendant's businesses.

37. For at least three years, the Defendant has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, the Defendant has failed to pay its employees for all hours worked in excess of forty (40) at one and a half times their regular hourly rate. Therefore, Defendant has willfully violated the overtime provisions of the Fair Labor Standards Act.

38. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

39. Plaintiff Carlos Villarreal therefore seeks to represent the following class of similarly situated employees: All current and former U.S. based employees of St. Luke's Episcopal Hospital, who at any time between January 26, 2007 and the present: (1) worked for the hospital's IM-Technology Service Center, (2) worked more than forty (40) hours per week in one or more weeks, (3) did not receive payment for their hours of work in excess of forty (40) at one and a half (1.5) times their regular rate of pay. All employees fitting the foregoing description would benefit from Court-supervised notice and the opportunity to join the present lawsuit, and should be so notified.

40. Defendant further has engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiff and other similarly situated employees and former employees in accordance with §207 of the FLSA.

41. As a result of Defendant's violations of the FLSA, the named Plaintiff, as well as all others similarly situated, have suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

42. In addition to the amount of unpaid wages and benefits owing to the Plaintiff and all other similarly situated, they are also entitled to recover an additional equal

amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

43. Defendant's actions in failing to compensate the Plaintiff, as well as other similarly situated employees and former employees, in violation of the FLSA, were willful.

44. Defendant has not made a good faith effort to comply with the FLSA.

45. The Plaintiff, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

46. In or around August 2008, Plaintiff complained to his supervisor, Joe Sanchez, about Defendant's policy of failing to pay overtime to its information technology support specialists. Specifically, Plaintiff complained that the policy was illegal and that the members of the IM-Technology Service Center were entitled to be paid at an increased rate for their overtime hours.

47. Mr. Sanchez promised to report the matter to Jack Sandefur, Defendant's Interim Chief Information Officer ("CIO") and the director of the IM-Technology Service Center department.

48. In December 2008, Defendant reclassified its IM-Techology Services Center employees as hourly instead of salaried employees.

49. On February 6, 2009, Defendant terminated Plaintiff's employment.

50. Defendant terminated Plaintiff's employment in retaliation for Plaintiff's complaint about Defendant's unlawful failure to pay for overtime.

**WHEREFORE,** the Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, pray for the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

b. Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

c. Designation of Plaintiff as a representative of the other Desktop Support Analysts working for Defendant's IM-Technology Services Center ("FLSA Collective Plaintiffs");

d. That, at the earliest possible time, Plaintiff be allowed to give notice, or that the Court issue such notice, to all Defendant's employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt in to this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. §216(b);

e. An award of damages to Plaintiff and similarly-situated employees, in the amount of their respective unpaid overtime compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b);

f. An award of damages to Plaintiff in the amount of his lost wages as a result of being unlawfully terminated from his employment by Defendant;

g. Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action;

h. Costs of action incurred herein, including expert fees;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Such other legal relief to which they may be entitled.

## JURY TRIAL DEMANDED

Mr. Villarreal and all similarly situated employees who join this action, further demand a jury trial on all issues of fact in this case.

Respectfully submitted,

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
Andrew H. Iwata
Federal I.D: 625974
Texas Bar No. 24048568
3050 Post Oak, Suite 1720
Houston, Texas 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

**ATTORNEYS FOR PLAINTIFF**